JOSEPH FOYE *vs.* BENJAMIN M. TURNER.

Kennebec.    Opinion January 26, 1898.

*New Trial.    Newly-Discovered Testimony.*

In an action to recover for services alleged to have been performed for the defendant, in administering treatment at the Ensor Institute for Liquor and Morphine Habits to nineteen patients at five dollars each, the plaintiff recovered a verdict.

The plaintiff and his wife had been in the employment of the company for some time prior to the alleged contract with the defendant, who was a physician employed also by the company.

A motion for a new trial in addition to the usual grounds, was supported by newly-discovered evidence, and which might have had a material bearing in the case had it been adduced at the trial.    *Held;* that a new trial be granted, it appearing, among other reasons, that, without fault of the defendant or his counsel, it was not discovered and produced at the trial.

ON MOTIONS BY DEFENDANT.

The defendant claimed a new trial upon the following grounds, besides those stated in the opinion, and which are stated in his motion and based upon newly-discovered testimony:

"The defendant avers that since said trial, and by reason of the publicity caused thereby, he has discovered new and material facts, tending to show the falsity of the plaintiff's testimony given in said trial, which he expects to prove by the witnesses hereinafter named, being advised by said witnesses that they will so testify, and that said newly-discovered evidence is as follows:

1. He expects to prove by William H. Fisher, Esq., and by Melvin S. Holway, Esq., both of Augusta, in Kennebec County and State of Maine, that said Joseph Foye, in the month of December, A. D. 1895, having been duly summoned appeared before said Holway, as a Disclosure Commissioner, and did then and there submit himself to an examination under oath concerning his estate and effects, under the provisions of chapter 137 of the laws of 1887 as amended by chapter 313 of the laws of 1893; and that in said

examination and disclosure said Foye stated that there was nothing due to him from any person; and being particularly interrogated as to his services performed at the Kennebec Ensor Institute in Gardiner, and whether there was anything due him for said services, he declared there was nothing due him therefor, and that no one was indebted to him for said services.

2.   He expects to prove by said Fisher and Holway that said Joseph Foye was again summoned and did appear before said Holway on the 18th day of September, A. D. 1896, to submit himself to examination under oath concerning his estate and effects, under the provisions of the. law before referred to, and in his disclosure said Foye did again declare that there was nothing due and owed to him by any person; and he particularly denied that there was anything due him for his labor or services performed at the said Kennebec Ensor Institute at Gardiner, and that there was anything due him from this defendant.   .   .   .   ."

*Jos. Williamson, Jr., and L. A. Burleigh,* for plaintiff.

*A. C. Stilphen,* for defendant.

SITTING: PETERS, C. J., FOSTER, HASKELL, WISWELL, STROUT, SAVAGE, JJ.

FOSTER, J.   This case was tried at the Superior Court for Kennebec County, and a verdict for $98.80 rendered in favor of the plaintiff.

The suit was on account annexed to recover $95 "for administering your treatment at the Ensor Institute for Liquor and Morphine Habits, at five dollars apiece, for the following persons," then follows a list of names of nineteen persons.

The plaintiff and his wife had been in the employment of the company for some time prior to the time of the alleged contract with the defendant, who was a physician employed by the company.

The defendant denies that any such promise as is set up by the plaintiff was ever made, and denies that he ever employed the plaintiff to administer "his treatment," or any treatment, to the

persons named; and claims that whatever the plaintiff did in administering whatever treatment was administered to such persons, was done by the plaintiff in performing only such duties as devolved on him by virtue of his employment by the company, and only the same duties he had been performing for a long time prior to the date of the alleged special promise or contract on the part of this defendant. Defendant furthermore claims that any talk he made with plaintiff was only in the nature of a gratuity, or gift, not enforceable in law, and also that in any event the plaintiff can recover no such sum as he now has undertaken to sustain by this verdict, and furthermore that no promise was made to plaintiff by way of gift or otherwise to pay him anything except conditionally.

A careful examination of the evidence satisfies us that a new trial ought to be granted.

The motion, in addition to the usual grounds, is supported by newly-discovered evidence, and which might have had a material bearing in the case had it been adduced at the trial. It seems to be no fault of the defendant, or his counsel, that the same was not discovered and produced at the trial.

For these and other reasons not necessary to be particularly stated, we believe that justice will be best subserved by granting another trial.

*Motion sustained.*
*New trial granted.*